**JOSEPH L., Plaintiff–Appellant,**

v.

**CONNECTICUT DEPARTMENT OF CHILDREN AND FAMILIES, Darlene Dunbar, Comm./O, Defendant–Appellee.**

**No. 05–2018–CV.**

United States Court of Appeals, Second Circuit.

Dec. 23, 2005.

Anne Louise Blanchard, Connecticut Legal Services, Inc. (Catherine A. Holohan, Douglas M. Crockett, on the brief), Willimantic, CT, for Appellant.

John E. Tucker, Assistant Attorney General (Richard Blumenthal, Attorney General for the State of Connecticut, Susan T. Pearlman, Assistant Attorney General, on the brief), Hartford, CT, for Appellee.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Joseph L., who suffers from mental retardation and severe emotional problems, was under the care of the Connecticut Department of Children and Families ("DCF") while a minor; even after turning eighteen, he remained under DCF's supervision until he recently turned twenty-one years. The current action arises out the plaintiff's complaints about DCF's provision of housing and services from the period of March 2003 to July 2003 (when he was nineteen years old) and

his attempts to obtain a hearing to rectify his situation.

The plaintiff filed this action against DCF in the United States District Court for the District of Connecticut and alleged that DCF violated his constitutional right to due process because the applicable statutes and administrative policies do not entitle young adults over the age of eighteen to a hearing to contest the conditions of treatment and provision of services. He seeks declaratory and injunctive relief in the form of an order requiring DCF to provide him with a hearing. He has also sought certification of a class of similarly situated "young adults over the age of eighteen who are receiving services from DCF and who are denied notice and opportunity for hearings when such young adults are aggrieved by any provision of their treatment plan or by any refusal of any other service from DCF." He filed the suit just before his twentieth birthday and thereafter sought class certification, all while he was still within DCF's custody. Prior the Magistrate Judge's ruling on a motion for summary judgment and class certification, the plaintiff turned twenty-one and ceased being under DCF's supervision.

The plaintiff now appeals the final judgment and order of District Judge Dominic J. Squatrito, who adopted the report and recommendation of Magistrate Judge Thomas P. Smith. The Magistrate Judge recommended granting the defendants' motion for summary judgment primarily on mootness grounds because the plaintiff is no longer within DCF's care. The Magistrate Judge also recommended denying the plaintiff's motion for class certification for failure to establish the prerequisites for class certification—particularly, typicality and commonality. We assume the parties' familiarity with the facts, procedural history, and issues on appeal. We review the granting of the motion for summary judgment *de novo. See Comer v. Cisneros,* 37 F.3d 775, 786 (2d Cir.1994). We review the denial of class certification "for abuse of discretion," although we "review *de novo* the district court's conclusions of law that informed its decision to deny class certification." *Parker v. Time Warner Entm't Co.,* 331 F.3d 13, 18 (2d Cir.2003); *see also Comer,* 37 F.3d at 796 (listing traditional four prerequisites for certification: (1) numerosity, (2) commonality of factual and legal issues, (3) typicality, and (4) adequacy of representation).

We appreciate the serious allegations that DCF mistreated the plaintiff individually, endangering his safety and life. We also appreciate the important, broader issue of whether young adolescents should be entitled to hearings to contest DCF's provision of services to them. Nonetheless, we must affirm.

█ The plaintiff's individual claims for a DCF hearing are moot because he is no longer under DCF's supervision. He is no longer receiving services from DCF or subject to a DCF treatment plan, and he does not seek compensatory damages for any past injury. He asserts that he has a live claim based on allegations that DCF misused his social security disability benefits ("SSI") and because he has asserted a right to restitution of those benefits. Yet the plaintiff does not seek an order of restitution in this suit; he seeks a DCF hearing so that he can pursue restitution from DCF directly. There is no legal authority to find DCF constitutionally required to hold such a hearing for restitution, particularly where the individual is no longer within DCF's custody. The proper recourse would seem to be to the Social Security Administration, *see* 20 C.F.R. § 404.2041 (providing social security beneficiaries the right to demand restitution where a representative payee "misuses"

benefits), or possibly an action for damages.[1]

■ In addition, there was no abuse of discretion in the denial of class certification. Among other things, the Magistrate Judge properly observed that the typicality and commonality prerequisites were not established. In particular, there were defenses unique to the plaintiff's case: namely, that DCF's administrative law director, in his discretion, *did provide* the plaintiff with the opportunity for a hearing to challenge his treatment plan and the provision of services. The proceedings were discontinued after the hearing officer determined that the plaintiff's counsel failed to propose a permissible alternative to the housing problem at the heart of his complaint. While the plaintiff may dispute the hearing officer's decision, the plaintiff's situation does not involve of the blanket denial of hearings to young adults. There is a significant risk that the putative class of young adults could be prejudiced by a conclusion, based on the plaintiff's unique situation, that DCF is capable of providing adequate protection by giving hearings on a discretionary basis and that it is not constitutionally required to provide them as a matter of legal entitlement. Moreover, the fact that the plaintiff is no longer a member of the class he seeks to represent and the fact that his claims became moot before class certification are significant factors supporting affirmance.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.

---

1. We express no opinion on the plaintiff's ability, at this time, to bring a claim either before the Social Security Administration or in state or federal court.